**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

ROBERT SCHLATTMANN, )
)    Case No.:  4:16-cv-01183 SNLJ
     Plaintiff, )
)
v. )
)
PORTFOLIO RECOVERY )
ASSOCIATES,  LLC )
)
)
     Defendant. )

## PETITION FOR DAMAGES

Comes now Plaintiff,  Robert Schlattmann, by and through counsel; Matthew P. Cook, and states the following:

### INTRODUCTION AND JURISDICTION

1.     This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

2.     This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 *et. seq*

3.     This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d).

4.     This Court has jurisdiction of the TCPA claim under 47 U.S.C. §227(3)(b).

5.     Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis County, Missouri.

6.     Plaintiff demands a trial by jury on all issues so triable.

### PARTIES

7.     Plaintiff is a natural person currently residing in St. Louis County, Missouri.  Plaintiff is a consumer within the meaning of the TCPA and FDCPA.  The alleged debt owed arises out of consumer, family and household transactions.

8.     Defendant is a foreign corporation with its principal place of business in Richmond, Virginia. The principal business purpose of Defendant is the collection of debts and Defendant regularly attempts to collect debts.

9.     Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

10.     Plaintiff and Defendant owned, operated and/or controlled "customer premises equipment" as defined by TCPA, 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

11.     Defendant engaged in "telecommunications" as defined by TCPA, 47 U.S.C. §153(43) and at all times relevant, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTS

11.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12.     Defendant's collection activity began with multiple phone calls to Plaintiff's telephone.  These calls originated from several numbers, including but not limited to: (205) 396-3619, (404) 719-4368, (412) 847-5582, (440) 638-5676,  (510) 343-5211, (817) 500-4360, (205) 396-3627, (620) 263-3546, (859) 795-3413.

13.     Defendant was calling to collect on a consumer debt which did not belong to Plaintiff and thus Defendants were calling the wrong individual ("non-debtor").

14.     Based upon Defendant's discovery they provided Plaintiff, Defendant has called Plaintiff's landline phone since December 1, 2014 to June 11, 2016, over one-hundred (100) times.

15.     According to Defendant's notes they spoke to an unknown party on January 3, 2015.  On January 13, 19,  2015 Defendant spoke to an unknown party who hung-up.  On October 17, 2015 Defendant left a voice message for an unknown party.  Plaintiff received his landline number around December 2014.

16.     According to Defendant's notes they called Plaintiff from an automatic dialer on  December 9, 13, 2014, January 3, 5, 13, 17, 19, 29, February 8, 20, 28, March 2, May 21, 29, 31, June 8, October 1, 3, 17 2015 for a total of at least nineteen (19) times within the last four years.  None of Defendant's automated or one-hundred (100) plus calls were intended for Plaintiff.

17.     Defendant has left numerous voicemails to Plaintiff from their automatic dialer and they provided a sample automated voicemail of the message they left for Plaintiff.  The automatic dialer and voicemail(s) contained a prerecorded message or artificial voice.

18.     Defendant's non-emergency prerecorded phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. §227(a)(1), from phone numbers that are registered to the Defendant.

19.     Specifically, Defendant's dialing system has the capacity to store, dial and generate phone numbers such as Plaintiff's.

20.     Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his telephone with Defendant's automatic telephone dialing system.

21.     Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

22.     Plaintiff never had any preexisting or current business relationship with Defendant.

23.     Plaintiff spoke to Defendant numerous times and told them they had the wrong number and to stop contacting him.

24.     Defendant knew they were calling the wrong individual but willfully continued to call him repeatedly.

25.     Defendant ignored Plaintiff's cease and desist demand and kept calling Plaintiff even though they were calling a non-debtor.

26.     Defendant was thus calling Plaintiff as a debt collector to collect a consumer debt', as defined by the FDCPA, and were repeatedly calling and harassing Plaintiff as a non-debtor.

27.     At least nineteen (19) of these calls were non-emergency prerecorded calls to Plaintiff's residential telephone line and were without an exemption from the FCC.  Until discovery is complete it is undetermined the exact nature, amount and time of all telephone calls to Plaintiff.

28.     Plaintiff is still in the middle of conducting discovery and Defendant has provided limited information.

29.     In Plaintiff's original petition Defendant denied most of the allegations and admitted that only a portion of Defendant's business relates to the collection of debts.

30.     Defendant denies calling Plaintiff to collect a debt which did not belong to Plaintiff.

31.     Alternatively, Defendant was calling Plaintiff as a non-debt collector and for an unlawful purpose, including for an unsolicited advertisement or telephone solicitation.

32.     Alternatively, Defendant was calling Plaintiff as a debt collector, but for an unlawful purpose, including for an unsolicited advertisement or telephone solicitation.

33.     All of Defendant's telephone calls adversely affected Plaintiff's privacy rights.

34.     Even though Plaintiff had advised Defendant they had the wrong number and to cease calling, Defendant did not.  The intent of the phone calls was to harass, oppress or abuse Plaintiff in violation of 15 U.S.C. §1692d.

35.     Defendant caused Plaintiff's phone to ring repeatedly with the intent to annoy, abuse or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

36.      Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress.

## COUNT I: VIOLATION OF THE FDCPA

37.     Plaintiff re-alleges and incorporates by reference the above paragraphs.

38.     Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

39.     A single action on the part of the debt collector can violate multiple sections of the FDCPA.

40.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

a.  Engaging in conduct which the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in violation of  15 U.S.C. §1692d.

b.  Defendant's were causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

**A.**  Declaratory judgment that Defendant's conduct violated the FDCPA;

**B.**  Actual damages;

**C.**  Statutory damages, court costs and attorney's fees pursuant to 15 U.S.C. §1692(k); and

**D.**  For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

41.     Plaintiff re-alleges and incorporates by reference the above paragraphs.

42.     In Defendant's attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 U.S.C. §227 *et. seq.* And 47 C.F.R. 64.1200, *et seq.*  including, but not limited to, the following:

a.  By knowingly and willfully placing non-emergency prerecorded telephone calls to Plaintiff's landline telephone without express authorized consent of the Plaintiff, without an established business relationship, without an FCC exemption and/or without a commercial purpose in violation of 47 U.S.C. §227(b)(1)(B).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

**E.**  Declaratory judgment that Defendant's conduct violated the TCPA;

**F.**  Actual damages;

**G.** Treble statutory damages for knowingly and willfully contacting Plaintiff, costs, litigation

expenses and attorney's fees pursuant to 47 U.S.C. §227(b)(3); and

**H.** For such other relief as the Court may deem just and proper.


By:   /s/ Matthew P. Cook

Cook Law, LLC
Matthew P. Cook #62815
Attorney for Plaintiff
PO Box 220342
St. Louis, Missouri 63122
Phone:  314-200-5536
 Email:  Cookmp21@yahoo.com