# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT SCHLATTMANN, ) | |
| ) | Case No.: 4:16-cv-01183 SNLJ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | |
| ) | |
| Defendant. ) | |

## Memorandum in Support of Plaintiff's Motion to Compel

COMES NOW Plaintiff, Robert Schlattmann, by and through undersigned counsel, and for its memorandum in support of its motion to compel, states as follows:

## Introduction

Plaintiff, Robert Schlattmann filed a petition on June 16, 2016 for violations of the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the matter was removed to federal court on August 10, 2016. A case management order (Doc. 12) was entered on September 20, 2016, after a Rule 16 telephone conference. The order indicates a motion to compel shall be pursued in a diligent and timely matter, but in no event more than eleven (11) days following discovery deadlines.

Plaintiff sent over discovery request to Defendant on September 29, 2016 (see **Exhibit 4 and 5**). Defendant responded to discovery on November 14, 2016 (see **Exhibit 1 and 2**). Defendant either objected to Plaintiff's discovery requests or failed to prove complete answers. In an attempt to resolve the discovery dispute issues and in compliance with local rule 37-3.04(a), Plaintiff's counsel emailed over their golden rule letter (see **Exhibit 3**) on November 17, 2016 to Defendant's counsel Josh Dickson and Kersten Holzhueter. Plaintiff's counsel further emailed Kersten Holzhueter to resolve the discovery issues on December 5, 6, 7, 21, 22, 23 and 29, 2016 and January 3 and 11, 2017. Plaintiff's counsel also had a phone conversation with Kersten Hozhueter on December 22, 2016. The parties

have resolved some of the discovery issues but there still remains several outstanding discovery requests by Plaintiff to be answered. Defendant's answers to Plaintiff's Interrogatories Nos: 2, 3, 5, 6, 7, 8, 10, 13 and Request for Production Nos. 1, 2, 3, 5, 8, 11, 12 were insufficient and/or improperly objected to and answered.

## Argument

A part my seek written discovery related to any matter relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1) and 33(a)(2). Discovery is not objectionable merely because it seeks "an opinion or contention that relates to the fact or application of law to fact." Fed.R.Civ.P. 33(a)(2). Rule 26(b) was designed to be liberal in scope and interpretation. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). The general rule of discovery is that the parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) citing Fed. R. Civ. P. 26(b)(1). Further, "[b]road discovery is an important tool for the litigant, and so 'relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. With regard to relevance, only a "threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.* at 380.

Rule 33(b)(4) of the Federal Rules of Civil Procedure require that the grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived. The burden is typically on the party resisting discovery to explain why discovery should be limited because the rules of discovery are broad. *Jo Ann Howard & Associates, P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D.Mo. 2014). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing

specific explanations or factual support as to how each discovery request is improper. *Id*. The party must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id*.

Plaintiff's amended complaint (Doc. 17) alleges that Plaintiff is a non-debtor who was wrongfully and repeatedly called by Defendant in an attempt to collect a consumer debt owed by a different consumer ("debtor"). Plaintiff repeatedly advised Defendant they had the wrong debtor and to stop calling, but Defendant kept calling him. (Doc. 17, ¶¶ 7, 9, 12-15, 23-25). Defendant denies Plaintiff's allegations. In order to establish a violation of the FDCPA plaintiff must demonstrate that (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Weast v. Rockport Financial, LLC*, 115 F.Supp.3d 1018, 1020 (E.D.Mo. July 17, 2015). Plaintiff's discovery requests are directly related to obtaining discoverable and relevant information in support of proving Plaintiff's claim.

Plaintiff golden rule letter (see **Exhibit 3**) spelled out the specific discovery request Plaintiff needed and for what limited and relevant purpose they were towards. Plaintiff also showed how Defendant's objections and lack of answers were improper or irrelevant. Without belaboring the issues again, Plaintiff will briefly highlight the relevant portions of its golden rule letter. The Interrogatories ask for (No. 2) agreements between Defendant and the original creditors, (No.3) Defendant's file for the debtor and what they were trying to collect on, (No. 5) all collection activity taken by Defendant against Plaintiff and the debtor, (No. 6) all communication Defendant had with Plaintiff and debtor and (No. 7) to identify all recordings with debtor and Plaintiff, if any. The request for production asks for production of (No.1) all communication Defendant had with Plaintiff and debtor, (No.2) the complete

file on Plaintiff and debtor, (No.3) all letters sent to the debtor in collection of this debt, (No.5) all documents related to the assignment or sale of this account from the original creditor to Defendant, (No.11) copies of Defendant's telephone bills as it corresponds to the times they contacted Plaintiff and (No.12) all demands for payment made by the original creditor and Defendant to Plaintiff and debtor.

Defendant denies that Plaintiff has been the object of collection activity, that Defendant was attempting to collect a consumer debt and that Defendant violated the FDCPA. The documents requested and interrogatories asked, will directly assist Plaintiff in proving that Defendant is a debt collector, who was wrongfully contacting Plaintiff in attempt to collect a consumer debt. Plaintiff would be severely prejudiced if these highly relevant discovery requests were not procured.

Defendant also asserts numerous affirmative defenses, specifically the bona fide error defense which offers debt collectors a narrow exception to the strict liability imposed by the Fair Debt Collections Practice Act and provides that a debt collector may escape liability if it shows by preponderance of evidence that the violation was not intentional and resulted from bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error. *Cordes v. Frederick J. Hanna & Associates, P.C.,* 789 F.Supp.2d 1173, 1176 (D. Minn. June 7, 2011); *Scott v. Portfolio Recovery Associates, LLC*, 139 F.Supp.3d 956, 971 (S.D. Iowa October 16, 2015); 15 U.S.C. §1692k(c). Plaintiff's interrogatories and request for production are in direct response to this affirmative defense.

Plaintiff's interrogatories ask for (No.8) all disputes made on the account by Plaintiff, debtor or any relevant third-party, (No. 10) seeks information related to procedures Defendant uses to collect on accounts and (No. 13) all similar lawsuits brought against Defendant within the last 5 years, for the type of violations Plaintiff avers. Request for Production (No. 8) requests all documents related to any disputes on the account. The purpose of these requests is to show that the violation was intentional and Defendant does not have reasonable procedures adapted to avoid repeatedly contacting non-debtors.

Defendant utilized boilerplate objections stating mainly that, certain words of Plaintiff were vague and Plaintiff's request was overly broad and unduly burdensome because it seeks irrelevant

information. Plaintiff's counsel has spoken with Defendant's attorney to clarify any vague or confusing terms. All requests are narrowly tailored to either assisting Plaintiff in proving their claim or in response to Defendant's affirmative defense. As highlighted above, applicable caselaw and Fed.R.Civ.P. 26(b)(1) allows broad discovery and information need only be relevant to show that it appears to be reasonably calculated to lead to the discovery of admissible evidence. The burden is on Defendant to explain why discovery should be limited. Plaintiff has already demonstrated in their memorandum of law and golden rule letter what specific information is requested and how it is relevant to their claim or to Defendant's bona fide error defense.

WHEREFORE, Plaintiff, Robert Schlattmann, respectfully requests that the Court Order Defendant to properly and fully answer and produce documents to Plaintiff's Interrogatories Nos: 2, 3, 5, 6, 7, 8, 10, 13 and Request for Production Nos. 1, 2, 3, 5, 8, 11, 12 and 17, within ten (10) days and for such other relief as required under the circumstances.

By: /s/ Matthew P. Cook
Cook Law, LLC
Matthew P. Cook #62815
Attorney for Plaintiff
PO Box 220342
St. Louis, Missouri 63122
Phone: 314-200-5536
Email: Cookmp21@yahoo.com

### CERTIFICATE OF SERVICE

I certify that on the 17th day of January, 2017, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operating of the Court's electronic filing system upon the following counsel of record:

Josh Dickinson
Kersten Holzhueter
Attorneys for Defendant
13520 California St, Suite 290
Omaha, NE 68154
kholzueter@spencerfane.com

jdickinson@spencerfane.com

   /s/ Matthew P. Cook
Matthew P. Cook