UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT SCHLATTMANN, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC, )<br>)<br>Defendant. ) | Case No. 4:16cv1183 SNLJ |

# MEMORANDUM AND ORDER

Plaintiff Robert Schlattmann brings this case under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA") against defendant Portfolio Recovery Associates, LLC ("PRA"), alleging that PRA called him more than 100 times for a debt that Schlattmann did not owe. Defendant moves to dismiss Count II of plaintiff's amended complaint (#22), and plaintiff moves to compel certain discovery disclosures from defendant (#24). The motions have been fully briefed.

**I.    Motion to Dismiss (#22)**

Defendant has moved to dismiss plaintiff's Count II for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490

U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Plaintiff alleges that defendant began calling plaintiff's residential telephone number, ending in -8996, from several different telephone numbers on December 1, 2014. The phone calls continued through June 11, 2016 and totaled over one hundred in number; however, the defendant's phone calls were allegedly intended to collect on a debt that plaintiff did not owe. Plaintiff alleges that he never entered into an agreement by which he consented to be contacted by telephone by defendant, and he did not have a preexisting or current business relationship with defendant.

Plaintiff's Count II claims that defendant's conduct violated the TCPA, 47 U.S.C. § 227, *et seq*. and 47 C.F.R. 61.1200, *et seq.*, by knowingly and willfully placing non-emergency prerecorded telephone calls to plaintiff's phone without express authorized consent of plaintiff, without an established business relationship, and without an exemption and/or without a commercial purpose in violation of 47 U.S.C. § 227(b)(1)(B).

Defendant moves to dismiss Count II because it says its actions were exempted from the TCPA provision relied upon by plaintiff. The TCPA provision prohibits initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to our guaranteed by the United States, or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). Paragraph (2)(B) provides that the "Commission shall prescribe regulations to implement the requirements of this subsection," and the Commission's regulations provide that § 227(b)(1)(B) does not apply to a call if it is "made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii). Numerous other courts have held that this regulation exempts collection calls made to non-debtors because they are commercial calls that do not include an unsolicited advertisement. *See Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 604 (E.D. Pa. 2012); *Vandiver v. Glob. Credit & Collection Corp., Inc.*, 4:14-CV-00011 KGB, 2015 WL 11108884, at *4 (E.D. Ark. Mar. 30, 2015); *Corson v. Accounts Receivable Mgmt., Inc.*, Case No. 1:13-cv-1903, 2013 WL 4047577, at *10 (D. N.J. Aug. 9, 2013); *see also In re Rules & Regulations Implementing Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8773 (1992) (finding "debt collection calls ... are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships.... [T]hese exemptions would also apply where a third party places

a debt collection call on behalf of the company holding the debt."); *In Re Rules & Regulations Implementing Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1834 (2012) ("Because the Commission determined that debt collection calls are not telemarketing calls, it concluded that a specific exemption for debt collection calls was not warranted.").

Although plaintiff suggests he does not know what defendant's business is or for what purpose it called him, he at the same times alleges that the defendant called plaintiff "as a debt collector to collect a consumer debt." (#17 at ¶ 26.) The complaint does suggest, in the alternative, that defendant was calling plaintiff "as a non-debt collector, but for an unlawful purpose, including for an unsolicited advertisement or telephone solicitation." (*Id.* at ¶ 32.) Such an allegation would remove defendant's conduct from the regulatory exemption. However, defendant characterizes that alternative allegation as a "single, contradictory conclusion" that cannot state a claim and urges this Court to adopt the reasoning in *Doucette v. GE Capital Retail Bank*, which involved a nearly identical situation in which the plaintiff attempted to fashion a TCPA claim from a collection calls made to a non-debtor. No. 14-CV-012-LM, 2014 WL 4955675, at *2 (D.N.H. Oct. 2, 2014). There, as here, the plaintiffs argued that "there is no evidence that the [automated] calls [they received] did not also include an unsolicited advertisement or a telephone solicitation." *Id.* Relying on law well-established in the Eighth Circuit as well as in the First Circuit, the court there held that it must "base[] its analysis on the well-pleaded facts in the complaint." *Id.* Indeed, as the Supreme Court has held, "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

4

enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Plaintiff's conclusion that the calls were by a "non-debt collector" is not supported by the necessary facts to escape the TCPA exemption because he does not allege that the calls "include[d] or introduce[d] an advertisement or constitute[d] telemarketing." 47 C.F.R. § 61.1200(a)(3)(iii). Instead, nearly every allegation involves defendant's making collection calls, not advertising or telemarketing calls. Although plaintiff complains of "factual uncertainty" (#26 at 5) as to the purpose of defendant's calls and the need for discovery, plaintiff had the burden to plead a plausible claim. The plaintiff's TCPA claim is not plausible on its face and will be dismissed. *See id.*

**III.  Motion to Compel (#24)**

Plaintiff contends that defendant's responses to certain of plaintiff's discovery requests have been inadequate. In particular, plaintiff seeks complete responses to his Interrogatories No. 2, 3, 5, 6, 7, 8, 10, and 13 and Requests for Production No. 1, 2, 3, 5, 8, 11, 12, and 17.

The general rule regarding discovery is that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011).

The disputed discovery requests will be discussed in turn.

**Interrogatory 2:  agreements between defendant and the original creditors**

**Request for Production 5:  all documents related to the assignment or sale of this account from the original creditor to defendant**

5

Defendant states it has no responsive documents because defendant interprets the request as relying on an incorrect premise that defendant filed a lawsuit to collect a debt. The Court does not agree that such a premise underlies the request. Further, defendant states that the agreement between the original creditor and defendant has no relevance to this case. This Court disagrees. The agreement between defendant and the creditor for whom defendant was attempting to collect a debt is relevant to the issues in this case. Further, with respect to Request for Production 5, defendant protests that it "does not contend Plaintiff owes an account" to defendant; defendant apparently misunderstands plaintiff's intention. It is clear to this Court that plaintiff is describing the account about which defendant was (apparently mistakenly) communicating with plaintiff. Defendant's objections are overruled.

> **Interrogatory 3: defendant's file for the debtor and what they were trying to collect**
>
> **Interrogatory 5: all collection activity taken by defendant against plaintiff and the debtor**
>
> **Interrogatory 6: all communication defendant had with plaintiff and debtor**
>
> **Interrogatory 7: identification of all recordings with debtor and plaintiff, if any**
>
> **Request for Production 1: all communication defendant had with plaintiff and debtor**
>
> **Request for Production 2: the complete file on plaintiff and debtor**

Defendant states that it has produced the call history for the account, a dialer report for plaintiff's phone number, and a sample voicemail. Defendant also responds

that it has told plaintiff that it does not have recordings or written communications with plaintiff. Defendant also revealed that it had one call with the actual debtor, which was in 2010. Defendant has offered to obtain a court order permitting production of the actual debtor's personal information sufficient to identify him or her. Plaintiff states that it seeks the complete file for the debtor, and not merely identifying information, because plaintiff needs to prove that the debt at issue is a consumer debt under the FDCPA. Defendant has offered to stipulate that it was seeking to collect a credit card account opened by the debtor with HSBC/Orchard Bank, which is a third party, but plaintiff says that is insufficient. Plaintiff expects the information it seeks to show a variety of things, including the type of debt, correspondence from the parties, disputes on the account, whether defendant was acting as a debt collector under the FDCPA, debtor's contact information, and potentially other unknown but potentially helpful information. Defendant states that it has no information about how the actual debtor used the loan proceeds because defendant is merely an assignee of the account. However, defendant does not describe what is in the "complete file" sought by plaintiff. The parties have not explained why, if personal identifying information can be arranged for production, the "complete file" pertaining to the debtor and the account cannot be produced. Surely some protective order would be adequate to protect the interests involved. The parties should craft an appropriate protective order to do so.

> **Interrogatory 8: all disputes made on the account by plaintiff, debtor, and another relevant third party**
>
> **Interrogatory 10: information related to procedures defendant uses to collect on accounts**

7

**Interrogatory 13: similar lawsuits brought against defendant within the last 5 years for the type of violations at issue here**

**Requests for Production 8 and 12: documents related to any dispute regarding the account and all demands for payment made by the original creditor and defendant to plaintiff and debtor.**

Plaintiff explains that those requests seek to show that defendant's violation was intentional and defendant does not have reasonable procedures adapted to avoid repeatedly contacting non-debtors. Plaintiff argues that those requests and interrogatories will assist plaintiff in proving that defendant is a debt collector who was wrongfully contacting plaintiff in an attempt to collect a consumer debt. The requests and interrogatories also seek information relevant to defendant's affirmative defenses, including the "bona fide error" defense, which offers debt collectors a narrow exception to the strict liability imposed by the FDCPA if the defendant can show that the violation was not intentional and resulted from bona fide error notwithstanding its maintenance of procedures reasonably adapted to avoid such error. *See* 15 U.S.C. § 1692k(c).

With respect to Interrogatory 8 and Requests for Production 8 and 12, the defendant expresses confusion due to the Interrogatories' definition of "account," which means "the account that [defendant] contends the Plaintiff owes in this lawsuit as well as the account that is listed on Plaintiff's credit report under [defendant's] name as identified in the lawsuit." Defendant admits that plaintiff does not owe account 9992 --- the account which is apparently the subject of this lawsuit --- but defendant also says that it was never attempting to collect that account from plaintiff. That of course begs the question: what debt or account was defendant trying to collect when it contacted

plaintiff? Regardless, defendant points out that the complaint did not include allegations about an account on his credit report. That appears to be true. As the Court explained above, the plaintiff's intended definition of "account" seems rather clear, but, because the request is likely duplicative of plaintiff's other requests regarding the file and communications with plaintiff and debtor, the Court will sustain defendant's objection to Interrogatory 8 and Requests for Production 8 and 12.

Defendant objects to Interrogatory 10 because of its overbreadth --- it appears to seek information about all of defendant's procedures, not just those related to the alleged wrong in this case. Defendant responds that it has produced all documents and policies relevant to the bona fide error defense, including policies and procedures related to placing calls, being told a call was placed to a wrong number, receiving do not call requests, and complying with the FDCPA generally. The Court will sustain defendant's objection.

Defendant objects to Interrogatory 13 because similar lawsuits filed against defendant in the last five years are irrelevant to the issues in this case. Plaintiff responds that the information would show that the FDCPA violation was not unintentional and that defendant's procedures are not reasonable. Defendant's objection is overruled.

**Request for Production 3: all letters sent to debtor and plaintiff in collection of this debt**

Defendant has stated that it sent no letters to plaintiff and that letters sent to the debtor are irrelevant because they would not be relevant to whether defendant called plaintiff, whether defendant has a bona fide error defense, whether the account was for a

9

consumer debt, or whether defendant was a "debt collector in connection with account 9992." (#27 at 6.) The Court presumes these letters would be part of the "complete file" sought by plaintiff, however, and it should be disclosed as described above.

> **Request for Production 11: copies of defendant's telephone bills as it corresponds to the times they contacted plaintiff**
>
> **Request for Production 17: all telephone bills from defendant where you called plaintiff from two particular phone numbers**

Defendant objects because it believes these requests are confusing. To the extent plaintiff wanted phone records for calls placed to number -8996, defendant has produced that call history and dialer report. Defendant objects that its general telephone bills are irrelevant. Plaintiff essentially argues that the bills as they correspond to the times they contacted plaintiff are relevant, but plaintiff does not explain what the bills would offer that has not already been disclosed through defendant's call history and dialer report productions. The objection will be sustained.

## IV. Conclusion

Defendant's motion to dismiss will be granted. Plaintiff's motion to compel is denied in part and granted in part as stated herein.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#22) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is (#24) DENIED in part and GRANTED in part.

10

**IT IS FURTHER ORDERED** that the motion to compel is granted with respect to Interrogatories 2, 3, 5, 6, 7, and 13, and Requests for Production 1, 2, 3, and 5.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed protective order as described herein.

**IT IS FINALLY ORDERED** that the motion to compel is denied with respect to Interrogatories 8 and 10 and Requests for Production 8, 11, 12, and 17.

Dated this  17th  day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE