# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT SCHLATTMANN,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:16cv1183 SNLJ |
| | ) |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

On June 13, 2017, this Court ordered non-party Matthew Anthony to show cause before this Court why an order should not be issued pursuant to Federal Rules of Civil Procedure 45 and 37 finding Mr. Anthony in contempt of Court, awarding plaintiff his costs and attorneys' fees, and issuing a writ of body attachment. Mr. Anthony had been served with a subpoena commanding him to appear at a deposition on June 9, 2017. Mr. Anthony did not appear at the deposition. Further, he did not respond to this Court's June 13 Order to Show Cause.

"A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate, and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (citing *United States v. Bryan*, 339 U.S. 323 (1950)). Further, Federal Rule of Civil Procedure 45(g) states that this Court "may hold in contempt a

person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.".

Plaintiff requests a writ of body attachment in order to compel Mr. Anthony to appear for his deposition as well as $3,340 in attorneys' fees and costs.  Federal Rule of Civil Procedure Rule 4.1(b) states that "an order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district."  This cases arises under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA"); thus, this Court may issue an order committing Mr. Anthony for civil contempt in any district.  *See, e.g.*, *Gaulden v. City of Desloge, Mo.*, 4:07CV01637 ERW, 2009 WL 690157, at *2 (E.D. Mo. Mar. 12, 2009) (stating that party in contempt of an order in a 42 U.S.C. § 1983 case would be seized by the United States Marshals Office if he failed to submit to a deposition by the ordered deadline).

However, "the Eighth Circuit has found that an order of contempt may not be entered until after the court enters an order compelling discovery."  *Id*. (citing *Schleper v. Ford Motor Co., Auto. Div*., 585 F.2d 1367, 1371 (8th Cir.1978)).  For that reason and out of an abundance of caution with respect to Mr. Anthony's due process rights, *see Fisher*, 526 F.2d at 1343, the Court will thus offer Mr. Anthony one last chance to appear for his deposition or otherwise satisfy plaintiff's counsel's requests in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that nonparty Matthew Anthony is compelled to contact plaintiff's counsel Matthew Cook by July 28, 2017 to arrange for a mutually

agreeable date and time, no later than August 9, 2017, on which Mr. Anthony will appear for his deposition or otherwise satisfy plaintiffs' counsel's requests in accordance with the subpoena served upon him.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order by regular and certified mail, return receipt requested, to the address on file with the Court (#35).

**IT IS FURTHER ORDERED** that Mr. Anthony is advised that he will be held in contempt of this Court if he fails to abide by this Order, he will be assessed plaintiff's costs and fees as requested, and he may be seized by the United States Marshals Office for the Eastern District of Missouri and incarcerated.

**IT IS FURTHER ORDERED** that plaintiff's motion for contempt (#38) is **HELD IN ABEYANCE** until August 10, 2017, by which time plaintiff shall file a report to the Court regarding Mr. Anthony's compliance with this Order.

**IT IS FINALLY ORDERED** that the parties' dispositive motions deadline is continued to a date to-be-determined <u>by agreement of the parties</u>; plaintiff's report to the Court shall indicate the proposed new dispositive motions deadline.

Dated this  19th  day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3