UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT SCHLATTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1183 SNLJ |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

On June 13, 2017, this Court ordered non-party Matthew Anthony to show cause before this Court why an order should not be issued pursuant to Federal Rules of Civil Procedure 45 and 37 finding Mr. Anthony in contempt of Court, awarding plaintiff his costs and attorneys' fees, and issuing a writ of body attachment. Mr. Anthony had been served with a subpoena commanding him to appear at a deposition on June 9, 2017. Mr. Anthony did not appear at the deposition. Further, he did not respond to this Court's June 13, 2017 Order to Show Cause.

"A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate, and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (citing *United States v. Bryan*, 339 U.S. 323 (1950)). Further, Federal Rule of Civil Procedure 45(g) states that this Court "may hold in contempt a

person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Plaintiff requests a writ of body attachment in order to compel Mr. Anthony to appear for his deposition as well as $3,340 in attorneys' fees and costs. Federal Rule of Civil Procedure Rule 4.1(b) states that "an order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district." This cases arises under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA"); thus, this Court may issue an order committing Mr. Anthony for civil contempt in any district. *See, e.g.*, *Gaulden v. City of Desloge, Mo.*, 4:07CV01637 ERW, 2009 WL 690157, at *2 (E.D. Mo. Mar. 12, 2009) (stating that party in contempt of an order in a 42 U.S.C. § 1983 case would be seized by the United States Marshals Office if he failed to submit to a deposition by the ordered deadline).

This Court compelled Mr. Anthony to submit to a deposition by (or produce an affidavit to) plaintiff's counsel (#41) no later than August 9, 2017. That Order (#41) was sent to Mr. Anthony by regular and certified mail. Electronic confirmation of its receipt has been obtained by the Court (#45). The signed return receipt, however, has not been received. Although plaintiff's counsel notified the Court on August 10, 2017 that Mr. Anthony has not complied with the Court's order (#42), the Court will order plaintiff to show cause one final time before being held in contempt so that the Court can be assured that Mr. Anthony has been personally served with the order.

2

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for contempt (#38) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that, no later than September 7, 2017, non-party Matthew Anthony shall show cause in writing why an order should not be issued pursuant to Federal Rules of Civil Procedure 45 and 37 finding Mr. Anthony in contempt of Court for failure to comply with the subpoena served on him on June 2, 2017, awarding plaintiff his costs and attorneys' fees in the amount of $3,340, and issuing a writ of body attachment.

**IT IS FURTHER ORDERED** that non-party Matthew Anthony shall mail or hand-deliver his signed response to this Court and to counsel for the plaintiff.

**IT IS FINALLY ORDERED** that the United States Marshals Office for the Eastern District of Missouri shall serve upon Mr. Anthony this Order to Show Cause, plaintiff's Motion to Show Cause (#34, along with its exhibit), and plaintiff's Motion for Contempt (#38).

**Failure to comply with this Order may result in incarceration.**

Dated this   22nd   day of August, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE